UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHADRAC J. PELT, 08572-055,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**
08-CV-0758A
04-CR-0213A

---

  This case comes before the Court on a motion by petitioner under 28 U.S.C. § 2255 to vacate the criminal judgment entered against him. Petitioner claims, <u>inter alia</u>, that his counsel's failure to perfect an appeal timely filed before the Second Circuit constitutes ineffective assistance of counsel. The government concedes that defendant has received ineffective assistance of counsel. <u>See</u> <u>McHale v. U.S.</u>, 175 F.3d 115, 119 (2d Cir. 1999) (holding that a government concession of "constitutionally deficient assistance" established a Sixth Amendment violation). The only issue for this Court to resolve, then, is the appropriate remedy for ineffective assistance of counsel stemming from a failure to perfect a timely filed appeal.

  This Court notes that the Second Circuit set forth the appropriate remedy for this situation in <u>McHale</u>. In <u>McHale</u>, as in this case, petitioner's counsel timely filed a notice of appeal but then failed to perfect that appeal. The Second Circuit dismissed the appeal for failure to perfect, and petitioner filed a Section 2255 motion alleging ineffective assistance. After determining that defense counsel's failure to perfect the

appeal was ineffective assistance, the Second Circuit found that the appropriate remedy was to recall its mandate and permit petitioner to go forward with his direct appeal. See McHale, 175 F.3d at 120. The court explained that

> [W]e have jurisdiction to recall our mandate dismissing McHale's direct appeal for failure to prosecute and to reinstate that appeal. Though recalling the mandate is an unusual remedy, to be used sparingly, we have used this procedure to relieve a party of an appellate default. In the present context, recalling the mandate and reinstating the appeal is preferable to remanding for resentencing or even entry of a new judgment that might not be considered a formal resentencing.

Id. (citations omitted).

In light of McHale, it appears that the appropriate remedy is to appoint new counsel for petitioner who then can move the Second Circuit to recall its mandate. This Court hereby assigns the Federal Public Defender to represent petitioner on appeal. The pending Section 2255 motion is dismissed without prejudice to refile in the event that petitioner's motion to recall the mandate is unsuccessful.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 6, 2009